UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLEO VALEROSO,
Plaintiff,

vs.                                                                          Case No.: 6:11-cv-525-ORL-19-GJK

CURASCRIPT, INC.
Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff, CLEO VALEROSO (hereinafter "Plaintiff"), by and through her undersigned counsel and hereby files this Complaint against the Defendant, CURASCRIPT, INC. (hereinafter "Defendant"), a Florida corporation, and alleges:

**I. SUMMARY**

1. This is an action by the Plaintiff for declaratory relief and damages under Title VII to redress injury done to her by the Defendant's discriminatory treatment of the Plaintiff based on her race and national origin.

2. The Defendant demoted the Plaintiff, as well as failed to promote her to a job, based on her race and national origin.

3. Plaintiff filed a complaint against the Defendant alleging discrimination with the Florida Commission on Human Relations and the EEOC, and received a Dismissal and Right to Sue from the EEOC.

**II. PARTIES**

4. At all times relevant, Plaintiff was employed by Defendant, and the parties had a contractual relationship with each other.

5. Plaintiff is a resident of Orange County, Florida and continues to reside in Orange County, and resided in said County during the time of his employment with the Defendant.

6. Plaintiff is an Asian-American female of Filipino national origin and is a member of a class of persons protected from discrimination under 42 U.S.C. 1981 and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

7. Defendant is a Florida corporation, headquartered in Orlando, Florida.  Defendant corporation is a wholly-owned subsidiary of Express Scripts, Inc., headquartered in St. Louis, Missouri.

### III. JURISDICTION

8. This action is properly before this Court because the unlawful employment practice alleged in this Complaint occurred in this judicial district, granting this Court jurisdiction pursuant to 42 U.S.C. § 2000e-5(f)(3).  Additionally, the employment records relevant to the Plaintiff are maintained and administered in this judicial district.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff has exhausted all available Federal and State administrative remedies pursuant to 42 U.S.C. § 2000e-5(b)-(f).  Plaintiff filed a timely complaint with the Equal Employment Opportunity Commission and Florida Commission on Human Relations, which have granted Plaintiff the right to sue the Defendant under Federal law.

## V. FACTS COMMON TO ALL COUNTS

10. Defendant is a Florida corporation headquartered in Orlando, Florida.

11. Plaintiff is an Asian-American female of Filipino national origin.

12. The Defendant employed Plaintiff on or about November of 2006.  Defendant hired Plaintiff for the position of Senior Recruiter in the Human Resources division of the Defendant corporation.

13. Plaintiff's annual salary was $46,000 plus benefits at time of hire.  As of present date, Plaintiff's annual salary is $52,000.

14. Plaintiff was responsible for recruiting and facilitating the hiring of other employees for the Defendant corporation.

15. Plaintiff performed and excelled at all job responsibilities while employed by the Defendant.

16. Plaintiff received repeated commendation on surveys by the employees she recruited, including citing her knowledge, positive attitude, and promptness in assisting employees she recruited.

17. On or about August of 2009, without Plaintiff's knowledge or consent, Defendant changed Plaintiff's employment title to Recruiter from Senior Recruiter.

18. Although this action did not affect the Plaintiff's annual salary, this change affected the Plaintiff's title, which had an impact on Plaintiff's standing amongst her coworkers, as well as her future promotion potential.

19.  On or about August of 2009, Plaintiff applied for the position of Senior Human Resource Generalist.

20. The position of Senior Human Resource Generalist would have served as a promotion for the Plaintiff.

21. Plaintiff's position as a Recruiter was a "G" level position within the Defendant corporation. "G" level salaries are ineligible for bonuses.

22. The position of Senior Human Resource Generalist would have served as a promotion for the Plaintiff. The position was an "H" level position within the Defendant corporation.

23. Positions in the "H" bracket receive a 3-9% increase in annual salary from "G" level positions. Additionally, "H" bracket positions are eligible for a bonus of up to 10% of the employee's annual salary. Additionally, Senior Human Resource Generalist would have carried additional promotion potential for the Plaintiff.

24. Defendant's company policy is to consider internal candidates for promotion prior to considering external hires or new employees for the position.

25. Plaintiff was extremely well qualified for the promotion to Senior Human Resource Generalist through both her work at Defendant corporation as well as her prior employment history and experience.

26. Despite Defendant's company policies and preference for internal employees, Defendant did not interview Plaintiff for position.

27. Defendant company hired Doug Boehner, an external candidate for the position to fill the position of Senior Human Resource Generalist. Doug Boehner is a White male.

28. Defendant's denial of Plaintiff's promotion was based upon Plaintiff's Asian race.

29. Defendant's denial of Plaintiff's promotion denied Plaintiff of a significantly higher salary, the possibility of a bonus, and significantly increased promotion potential.

30. Upon Plaintiff's denial for position, Plaintiff complained to management in Defendant corporation about the discrimination, however, Defendant corporation never responded to Plaintiff's complaint.

31. In October of 2009, Plaintiff's immediate supervisor employed by Defendant wrote up the Plaintiff and issued a written reprimand to the Plaintiff's file.

32. Plaintiff's immediate supervisor employed by Defendant gave no legitimate reasons to the Plaintiff for the reprimand.

33. While issuing the written reprimand to Plaintiff, Plaintiff's immediate supervisor employed by Defendant told the Plaintiff that the Defendant was aware of her complaint of discrimination to management.

34. Defendant reprimanded Plaintiff due to her race, as well as in retaliation for her complaint to management.

35. The reasons provided by the Defendant for denial of Plaintiff's promotion as well as for the written reprimand were pretexts for Defendant's discriminatory conduct.

36. Employees of Defendant, including Plaintiff's immediate supervisor, made public racist comments about Asians to other employees, including alleging that "Asians ate dogs."

37. Despite Plaintiff's complaint to management employees in Defendant corporation, Defendant repeatedly ignored discriminatory behavior towards Plaintiff.

38. At all times material, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of the Plaintiff's employment with Defendant.

### VI. COUNT ONE– DISCRIMINATION IN VIOLATION OF TITLE VII (42 U.S.C. § 2000e-2)

39. Facts alleged in paragraphs 10-38 are incorporated herein.

40. Defendant discriminated against Plaintiff with respect to the terms, conditions, or privileges of employment by demoting her to Recruiter from Senior Recruiter.

41. This action constituted an adverse employment action.

42. Defendant gave no legitimate justification for this action.

43. Defendant's actions were intentional and motivated by the Plaintiff's race, color, and/or national origin.

44. As a result of the Defendant's discriminatory action, the Plaintiff suffered injury as described below.

### VII. COUNT TWO – DISCRIMINATION IN VIOLATION OF TITLE VII (42 U.S.C. § 2000e-2)

45. Facts alleged in paragraphs 10-38 are incorporated herein.

46. Defendant discriminated against Plaintiff with respect to the terms, conditions, or privileges of employment by failing to promote and/or refusing to promote Plaintiff for position of Senior Human Resource Generalist.

47. This action constituted an adverse employment action.

48. Defendant acted in violation of its own employment policies in failing to promote the Plaintiff., even though Plaintiff was well qualified for the position

49. Defendant's actions were intentional and were motivated by the Plaintiff's race, color, and/or national origin.

50. As a result of the Defendant's discriminatory action, the Plaintiff suffered injury as described below.

### VIII. COUNT THREE – RETALIATION IN VIOLATION OF TITLE VII (42 U.S.C. § 2000e-3(a))

51. Facts alleged in paragraphs 10-50 are incorporated herein.

52. Defendant discriminated against Plaintiff by issuing a written reprimand against the Plaintiff.

53. The reasons provided by Defendant for reprimand of Plaintiff were a pretext for Defendant's discriminatory conduct towards Plaintiff.  Plaintiff's immediate supervisor, an employee of the Defendant corporation, notified Plaintiff at the time that reprimand was issued that supervisor was aware of Plaintiff's complaint to management.

54. Defendant's actions constituted an adverse employment action because they impacted Plaintiff's future salary and promotion potential.

55. Defendant's actions were intentional and motivated by Plaintiff's opposition to Defendant's discriminatory employment practices alleged above.

56. As a result of Defendant's retaliatory actions, the defendant suffered injury as described below.

### IX. COUNT FOUR – DISCRIMINATION IN VIOLATION OF FLORIDA CIVIL RIGHTS ACT (FL. ST. § 760.10)

57. Facts alleged in paragraphs 10-38 are incorporated herein.

58. Defendant discriminated against Plaintiff with respect to the terms, conditions, or privileges of employment by demoting her to Recruiter from Senior Recruiter.

59. This action constituted an adverse employment action.

60. Defendant gave no legitimate justification for this action.

61. Defendant's actions were intentional and motivated by the Plaintiff's race, color, and/or national origin.

62. As a result of the Defendant's discriminatory action, the Plaintiff suffered injury as described below.

## X. COUNT FIVE – DISCRIMINATION IN VIOLATION OF FLORIDA CIVIL RIGHTS ACT (FL. ST. § 760.10)

63. Facts alleged in paragraphs 10-38 are incorporated herein.

64. Defendant discriminated against Plaintiff with respect to the terms, conditions, or privileges of employment by failing to promote and/or refusing to promote Plaintiff for position of Senior Human Resource Generalist.

65. This action constituted an adverse employment action.

66. Defendant acted in violation of its own employment policies in failing to promote the Plaintiff., even though Plaintiff was well qualified for the position

67. Defendant's actions were intentional and were motivated by the Plaintiff's race, color, and/or national origin.

68. As a result of the Defendant's discriminatory action, the Plaintiff suffered injury as described below.

## XI. COUNT SIX – RETALIATION IN
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT (FL. ST. § 760.10)

69. Facts alleged in paragraphs 10-68 are incorporated herein.

70. Defendant discriminated against Plaintiff by issuing a written reprimand against the Plaintiff.

71. The reasons provided by Defendant for reprimand of Plaintiff were a pretext for Defendant's discriminatory conduct towards Plaintiff.  Plaintiff's immediate supervisor, an employee of the Defendant corporation, notified Plaintiff at the time that reprimand was issued that supervisor was aware of Plaintiff's complaint to management.

72. Defendant's actions constituted an adverse employment action because they impacted Plaintiff's future salary and promotion potential.

73. Defendant's actions were intentional and motivated by Plaintiff's opposition to Defendant's discriminatory employment practices alleged above.

74. As a result of Defendant's retaliatory actions, the defendant suffered injury as described below.

## XII. DAMAGES

75. As a direct result of facts and counts described above, Plaintiff suffered injury, including serious economic losses as well as mental pain and suffering.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

A. Grant a permanent injunction enjoining Defendant, or any of its employees, from engaging in any discriminatory employment practices.

B. Prays this Court for a money judgment granting the Plaintiff lost wages, future lost wages based upon her promotion to Senior Human Resource Generalist.

C. Prays this Court award any other compensation allowed by law including punitive damages and attorney's fees, pursuant to 42 U.S.C. § 1981.

D. Prays this Court for reimbursement of all court costs and other costs incidental to obtaining judgment from this Court.

                                              Respectfully submitted,

                                         _s/ Rishi S. Bagga_
                                         RISHI S. BAGGA, ESQ.
                                         Florida Bar: 25700
                                         Counsel for Plaintiff
                                         <u>TRIAL COUNSEL</u>
                                         **Bagga Law, LLC**
                                         37 N. Orange Ave, Suite 500
                                         Orlando, FL 32801
                                         Ph: (407) 926-4131
                                         Fax: (407) 926-4138
                                         E-mail: rishi@baggalaw.net